

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**FILED**

JUN 0 5 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

1.  **GREGORY NEAL,** )
        an individual, )
                **Plaintiff,** )
                              )  **1 3 CV - 3 2 7 TCK - PJC**
vs. )  Case No. _____
                              )
1.  **COVENANT SECURITY** )
        **SERVICES, LTD, a foreign** )  **JURY TRIAL DEMANDED**
        **for profit business corporation;** )  **ATTORNEY LIEN CLAIMED**
                              )
                **Defendant.** )

## COMPLAINT

This action seeks declaratory and injunctive relief, compensatory and equitable damages, damages to compensate for any tax consequences of this judgment, punitive damages, and costs and attorney fees, for violations of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and The Civil Rights Act of 1866, 42 U.S.C. § 1981, by Defendant and suffered by Plaintiff, Gregory Neal.

### PARTIES, JURISDICTION, VENUE & CONDITIONS PRECEDENT

1.  Plaintiff, Gregory Neal, was a resident of the City of Tulsa, Tulsa County, State of Oklahoma at all times relevant to this suit.

2.  Mr. Neal is a member of a class of persons protected by Title VII of the Civil Rights Act, to wit: African American male.

3.  Defendant is a foreign for profit Business Corporation conducting substantial business within the State of Oklahoma, located in Tulsa County, employing more than 15 full-time regular employees.

4.  Mr. Neal timely filed his Charge of Discrimination with the Oklahoma Attorney General,

1

Office of Civil Rights Enforcement, alleging that Defendant discriminated against him based upon his race, color and gender. Plaintiff has exhausted his administrative remedies as to his race, color and gender claims.

5.   Mr. Neal has timely filed his Complaint in this matter after his receipt of his Right to Sue letter.

6.   Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1367(a). Venue is proper under 28 U.S.C. § 1391(b) and, because all of Defendant's actions and omissions that are alleged herein occurred within Tulsa County, State of Oklahoma and within this judicial district, jurisdiction and venue is proper in this Northern District of the United States District Court.

<u>FACTS</u>

7.   On or about October, 2008, Mr. Neal began working as a site manager for Defendant in its Jenks, Oklahoma operations.

8.   During Plaintiff's employment, he was subjected to discrimination based on his race, color and gender as follows:

a.   That Mr. Neal was subjected to heightened disciplinary action in comparison to similarly situated white and/or female employees;

b.   That Mr. Neal was subjected to heightened scrutiny in the performance of his duties in comparison to similarly situated white and/or female employees;

c.   That Mr. Neal was subjected to disparate treatment in the application of corporate managerial policy based on his race, color and gender;

d.   That Mr. Neal was subjected to racist comments during his employment;

e.   That Mr. Neal was subjected to race, color and gender discrimination based upon a pattern of disparate treatment by Defendant; and,

2

 f. That Mr. Neal was subjected to race, color and gender discrimination based upon a pattern of disparate discipline by Defendant.

9. During Mr. Neal's employment, he has witnessed Defendant engage in a similar pattern and practice of treatment to other African-American male and/ or male employees, to wit:

 a. That African American and/or male employees were subjected to heightened disciplinary action in comparison to similarly situated white and/or female employees;

 b. That African American male employees were subjected to heightened scrutiny in the performance of their duties in comparison to similarly situated white and/or female employees;

 c. That African American male employees were subjected to disparate treatment in the application of corporate managerial policy based on their race, color and gender;

 d. That African American male employees were was subjected to racist comments during their employment.

10. On September 20, 2010, Mr. Neal and another black male employee were falsely accused of making allegedly inappropriate comments toward a female employee and demonstrating unprofessional behavior. Other female and white male employees have not been falsely accused.

11. In the approximate month of May 2011, Nr. Neal was not mentioned in company newsletters as were other co-workers who were white and/or female.

12. In the approximate month of February 2011, other co-workers who were white and/or female received pay raises when Mr. Neal did not.

3

13.    Mr. Neal was falsely accused of participating in falsifying a safety inspection on a truck, which he did not. He trained security officers on how to do trailer checks.

14.    Mr. Neal was discharged on or about October 11, 2010, after complaining of the racial and sexist discrimination he had observed and been subjected to.

### FIRST CLAIM:
### RACE, COLOR AND GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

For the First Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

14.    That, as a member of a protected class, to wit: African-American male, Mr. Neal is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

15.    That the disparate treatment of Mr. Neal by Defendant was a direct result of discrimination on the basis of race, color and gender, to wit: African-American male, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

16.    That, Mr. Neal was unfairly treated and that the motivating reason for this treatment was based on his race, color and gender, to wit: African-American male, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

17.    That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Mr. Neal of the circumstances.

18.    That the conduct complained of constitutes illegal race, color and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

### SECOND CLAIM:
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

For the Second Claim, Plaintiff re-alleges and incorporates by reference the foregoing

4

paragraphs and states:

19.    That Mr. Neal was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on his race, color and gender, to wit: African-American male, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

20.    That said conduct has had the purpose or effect of unreasonably interfering with Mr. Neal's work performance.

21.    That said conduct has created an intimidating and hostile working environment for Mr. Neal.

22.    That said conduct was repeated frequently while Mr. Neal was employed by Defendant.

23.    That the harassers who were responsible for said conduct were Mr. Neal's co-workers and supervisors.

24.    That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances by Mr. Neal.

### THIRD CLAIM:
### RETALIATION IN VIOLATION OF TITLE VII

For the Third Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

25.    That Mr. Neal followed the proper procedures as an employee of Defendant in exercising his federally protected civil rights and complained about discrimination that he had witnessed as an employee and that he had experienced as an employee of said Defendant.

26.    That as a direct result of Mr. Neal's complaints, Defendant altered the terms, conditions, and/or privileges of Mr. Neal's employment.

27.    That Defendant retaliated against Mr. Neal for exercising his federally protected rights: to

5

work in a workplace free of racial and sexist discrimination, and to receive equal opportunities.

**FOURTH CLAIM:**
**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

For the Fourth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

28.     That as a member of a protected class, to wit: African American, Mr. Neal is protected from race discrimination under 42 U.S.C. § 1981;

29.     That the disparate treatment of Mr. Neal by Defendant was a direct result of discrimination on the basis of race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

30.     That, Mr. Neal was unfairly treated and that the motivating reason for this treatment was based on his race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

31.     That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Mr. Neal of the circumstances.

32.     That the conduct complained of constitutes illegal race discrimination in violation of 42 U.S.C. § 1981.

**FIFTH CLAIM:**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981**

For the Fifth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

33.     That Mr. Neal was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on his race, to wit: African-American, as prohibited by 42 U.S.C. § 1981.

34.     That said conduct has had the purpose or effect of unreasonably interfering with Mr. Neal's

6

work performance.

35.    That said conduct has created an intimidating and hostile working environment for Mr. Neal.

36.    That said conduct was repeated frequently while Mr. Neal was employed by Defendant.

37.    That the harassers who were responsible for said conduct were Mr. Neal's co-workers and supervisors.

38.    That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances by Mr. Neal.

### SIXTH CLAIM:
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

For the Sixth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

39.    That Mr. Neal followed the proper procedures as an employee of Defendant in exercising his federally protected civil rights and complained about discrimination that he had witnessed as an employee and that he had experienced as an employee of said Defendant.

40.    That as a direct result of Mr. Neal's complaints, Defendant altered the terms, conditions, and/or privileges of Mr. Neal's employment with Defendant.

41.    That Defendant retaliated against Mr. Neal for exercising his federally protected rights: to work in a workplace free of racial discrimination, and to receive equal opportunities.

7

**SEVENTH CLAIM:**
**STATE LAW *BURK* TORT CLAIM**
**OCCURING BEFORE NOVEMBER 1, 2011**

For the Seventh Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

42.    That Plaintiff is a member of a protected class, to wit: African-American male.

43.    That Oklahoma public policy prohibits race and sex discrimination and retaliation in the workplace (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and Oklahoma common law permits an aggrieved employee to bring a claim against an employer for permitting race or sex discrimination and retaliation.

44.    That Plaintiff was discriminated against due to his race and sex and retaliated against during his employment as prohibited by Oklahoma Public Policy.

45.    That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

46.    That the conduct complained of constitutes illegal race and sex discrimination and retaliation in violation of Oklahoma Public Policy, and gives rise to a tort claim under Oklahoma common law.

**EIGHTH CLAIM:**
**STATE LAW OKLAHOMA ANTI-DISCRIMINATION ACT CLAIM**
**FILED AFTER NOVEMBER 1, 2011**

For the Eighth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

47.    That Plaintiff is a member of a protected class, to wit: African American male.

48.    That Oklahoma law prohibits race and sex discrimination and retaliation in the workplace

8

(as set forth in the OADA, 25 O.S. § 1302, et. seq.), and permits an aggrieved employee to bring a claim against an employer for permitting race or sex discrimination and retaliation.

49.    That Plaintiff was discriminated against due to his race or sex and retaliated against during his employment as prohibited by the OADA.

50.    That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

51.    That the conduct complained of constitutes illegal race or sex discrimination and retaliation in violation of the OADA, 25 O.S. § 1302, et. seq.

## JURY TRIAL REQUESTED

52.    Plaintiff is entitled to a jury trial under Oklahoma law and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 and hereby requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays for judgment as follows:

A.    Payment of back wages, benefits and compensation;

B.    Reinstatement to his former position, or alternatively, appropriate front pay;

C.    All compensatory damages, including, but not limited to, damages for humiliation, loss of dignity, and loss of enjoyment of life;

D.    Declaratory and injunctive relief, as appropriate;

E.    An assessment of damages to compensate for any tax consequences of this judgment;

F.    Prejudgment interest;

G.    Costs and attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY, PLLC

/s/

Terry A. Hall, OBA #10668
1101 N Harrison, Suite D
Shawnee, Oklahoma 74801
(918) 948-6982
(405) 260-9330 (facsimile)
thall@okhnhlaw.com
Attorneys for Plaintiff

4811-1717-6850, v.  1

10